IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | 14-327 |
| | : | |
| SANTIAGO MINAYA | : | CIVIL ACTION |
| | : | 15-150 |

June 9, 2016                                                                         Anita B. Brody, J.

## MEMORANDUM

Currently before me is Santiago Minaya's Second Amended, Counseled Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] On May 24, 2016, I held an evidentiary hearing on this matter. For the reasons set forth below, I will grant Minaya's § 2255 motion on his claim that counsel rendered ineffective assistance by failing to file a notice of appeal and deny his motion without prejudice on all other claims raised.

## I. BACKGROUND

Minaya is a native and citizen of the Dominican Republic. On August 29, 2007, he was convicted of one count of the manufacture, delivery, or possession with the intent to manufacture or deliver, a controlled substance and one count of criminal conspiracy in the Common Pleas Court of Philadelphia. The court sentenced Minaya to three to six years of imprisonment. On

---

[1] On January 14, 2015, Minaya filed a pro se § 2255 petition, using an outdated form. *See* ECF No. 16. The Clerk of Court supplied Minaya with the current standard form for filing a § 2255 petition. *See* ECF No. 17. On January 30, 2015, Minaya filed his pro se § 2255 petition on the current standard form. *See* ECF No. 18. On July 1, 2015, this Court appointed counsel to represent Minaya. *See* ECF No. 21. On August 14, 2015, Minaya's counsel filed an amended, counseled § 2255 petition. *See* ECF No. 23. On February 23, 2016, I provided Minaya's counsel with the opportunity to file a second amended, counseled motion under § 2255, but cautioned that: "All grounds for relief must be raised in the second amended, counseled motion, including any arguments originally raised in Petitioner's pro se Memorandum in Support of Motion that counsel would like to advance." ECF No. 27 (footnote omitted).

1

August 24, 2011, Minaya was released from prison. On September 14, 2011, he was deported from the United States.

In 2013, Minaya re-entered the United States. On May 28, 2014, Immigration and Customs Enforcement ("ICE") agents interviewed Minaya and learned that he had purchased and used the identity documents of another person to claim he was a United States citizen and that he had tried to alter his fingerprints by putting his hands in acid.

On June 26, 2014, a federal grand jury returned an indictment charging Minaya with one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2), and one count of making a false claim of United States citizenship, in violation of 18 U.S.C. § 911.

On August 19, 2014, the Court held a change of plea hearing. At the hearing, defense counsel indicated that she had requested a fast-track program[2] plea offer from the government, but was informed that it was not an option under the particular facts and circumstances of Minaya's case. At the end of the hearing, Minaya pled guilty to both counts of the indictment.

On December 2, 2014, the Court sentenced Minaya to 44 months of imprisonment, a sentence below the Federal Sentencing Guidelines range of 46 to 57 months of imprisonment.

## II. STANDARD OF REVIEW

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If a

---

[2] The United States Attorney's Office for the Eastern District of Pennsylvania operates a fast-track program for defendants accused of illegal reentry in violation of 8 U.S.C. § 1326. "'Fast Track' programs for defendants charged with illegal re-entry provide that under certain circumstances defendants charged with 8 U.S.C. § 1326 offenses may be, at the time of sentencing, eligible for the Government's consideration of a downward departure motion pursuant to Guideline § 5K3.1." *United States v. Minaya-Yanger*, No. 14-7259, 2015 WL 2258147, at *1 n.1 (E.D. Pa. May 14, 2015); *see also Memorandum from Deputy Attorney General James M. Cole for All U.S. Attorneys, Department Policy on Early Disposition or "Fast-Track" Programs* (Jan. 31, 2012), http://www.justice.gov/dag/fast-track-program.pdf.
  A fast-track program incentivizes defendants to promptly cooperate with the government in illegal reentry cases to enable the efficient resolution of increasing numbers of immigration cases. *See United States v. Arrelucea-Zamudio*, 581 F.3d 142, 145 (3d Cir. 2009).

party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief. *Id.*

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Minaya alleges that his defense counsel, Maria Pedraza, rendered ineffective assistance of counsel when she: (1) failed to file a notice of appeal; and (2) failed to inform Minaya of the fast-track program and failed to request a downward departure or variance based on the program. On May 24, 2016, I held an evidentiary hearing on Minaya's § 2255 motion. Minaya and Pedraza testified at the hearing. Because I conclude that Pedraza rendered ineffective assistance of counsel by failing to file a notice of appeal and that Minaya is entitled to file a *nunc pro tunc* direct appeal, I do not make any findings of fact or conclusions of law as to whether Pedraza rendered ineffective assistance to Minaya regarding the fast-track program.

**1. Findings of Fact**

At the evidentiary hearing, Minaya testified that at the end of his sentencing hearing on December 2, 2014, he turned to Pedraza in the courtroom, while the U.S. Marshal was handcuffing him, and asked her to file an appeal. Pedraza testified that she could not recall whether Minaya had asked her to file an appeal. She also stated that when a client instructed her to file an appeal, it was her practice to ask her secretary to file a notice of appeal, and her secretary had not filed a notice of appeal in this case.

At the May 24, 2016 hearing, I had the opportunity to evaluate the credibility of the witnesses. I considered the quality of each witness's knowledge, understanding, and memory of

the events in question; observed each witness's appearance, behavior, and demeanor while testifying; contemplated the interests of each witness in the outcome of this motion; and evaluated each witness's testimony for consistency with the other evidence in this case.

After considering all of the factors that bear on a witness's credibility, I find that Minaya and Pedraza provided credible testimony that is not inherently contradictory. I find that Minaya asked Pedraza to file an appeal but, despite her general practice of filing a notice of appeal when a client requests an appeal, she did not do so in this case.

**2. Conclusions of Law**

Minaya contends that Pedraza provided ineffective assistance of counsel when she failed to file a notice of appeal. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the legal framework for determining Sixth Amendment claims of ineffective assistance of counsel. *Strickland* sets forth a two-part test for claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

The Supreme Court has held that counsel performs deficiently when s/he disregards a defendant's instructions to file an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Moreover, "[p]rejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client." *Solis v. United States*, 252 F.3d 289, 293-94 (3d Cir. 2001).

If counsel renders ineffective assistance by failing to file an appeal, then the proper remedy is to provide the petitioner with a new opportunity to directly appeal. *Id.* at 294. Any

other ineffective assistance of counsel claims raised by the petitioner in his § 2255 motion should be denied without prejudice to his right to raise them in a future § 2255 motion. *See id.* at 295. "In the event the Petitioner presents another § 2255 petition, it shall be deemed his first filed petition." *Id.*

Because Minaya instructed Pedraza to file a direct appeal and she failed to do so, Pedraza performed deficiently and it is presumed that her failure to file a notice of appeal prejudiced Minaya. Thus, Pedraza rendered ineffective assistance of counsel to Minaya when she failed to file a notice of direct appeal.

## IV. CONCLUSION

For the reasons set forth above, I will grant Minaya's Second Amended, Counseled Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as to his claim that counsel rendered ineffective assistance by failing to file a notice of appeal. Minaya will be granted the right to *nunc pro tunc* file a direct appeal. All other claims raised in Minaya's § 2555 motion will be denied without prejudice to present them in another § 2255 motion.

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:   Copies **MAILED** on 06-09-2016 to:
Santiago Minaya, Deft.

O:\ABB 2016\L - Z\USA v. Minaya 2255 Memorandum.docx

5